UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES LARVELL STARNES, JR.,

    Petitioner,

v.                                          Case No. 1:17-CV-209

SHIRLEE HARRY,                    HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This is a habeas corpus action brought by Charles Starnes, Jr., a state prisoner, under 28 U.S.C. § 2254. On November 6, 2014, a jury in Ingham County Circuit Court found Starnes guilty of assault with intent to commit criminal sexual conduct involving penetration and assault by strangulation. On January 28, 2015, the state court sentenced Starnes as a habitual offender-fourth offense to concurrent prison terms of 25 years to 37 years, 6 months. Starnes sought relief from his conviction in Michigan state courts, without success. On March 3, 2017, he filed this habeas corpus petition. (ECF No. 1.) Respondent filed a thorough, 66-page response, arguing that the Court should deny the petition. (ECF No. 9.) Magistrate Judge Phillip Green issued a Report and Recommendation (R & R), recommending that the Court deny Starnes' petition and deny a certificate of appealability. (ECF No. 15.) Starnes filed objections to the R & R after the Court granted him an extension of time to file. (ECF No. 19.)

Under Federal Rule of Civil Procedure 72(b), a party "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R & R to which a party objects. Under 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Starnes' objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Starnes raised four grounds for relief in his petition:

1) Verdicts of guilty based upon insufficient evidence constituted a denial of due process
2) Imposition of twenty-five year minimum sentences upon unsubstantiated finding that Starnes was a fourth habitual felony offender constituted reversible error
3) Prosecutor failed to correct false testimony of its star witness
4) Ineffective assistance of appellate counsel in that he failed to master the trial record.

The R & R found that the first issue is without merit; the second and third are procedurally defaulted and without merit; and the fourth is unexhausted and without merit. (ECF No. 15 at PageID.660–61.) Starnes' objections are broad and meritless.

Starnes objects to some of the R & R's factual summary. For example, Starnes objects to the factual statement that he brought marijuana for both Tommeica Martin and himself, that they had done that before, and that they both smoked the marijuana. Starnes' testimony indicates that he brought the marijuana over, per Martin's request, and that he had been to her apartment before. He stated that Martin smoked a lot, and he had seen her do so "on many occasions." He did not

state that he, himself, smoked, but said that after Martin began to prepare her bong, the two of them sat around "just talking and laughing, having a good time." (ECF No. 10-4 at PageID.249–50.) Martin testified that she asked Starnes to bring marijuana over, and answered positively when asked, "had you hung out with [Starnes] before in that similar capacity, hang out, smoke, do stuff like that?" (*Id.* at PageID.220.) Martin did not specifically say whether Starnes smoked marijuana on the night in question. Accordingly, the Court agrees with Starnes that the record does not appear to contain *specific* testimony that he smoked marijuana that night. But this is not a material or dispositive issue for his habeas petition—it is an insignificant factual mistake in the R & R. It does not affect the sufficiency of the evidence analysis or other analyses in the R & R.

Starnes attacks the R & R as "c[oming] up with . . . false statements," and argues there was insufficient physical evidence. Starnes focuses his argument on Martin's testimony and purported inconsistencies and alleged perjury. The R & R quoted the Michigan Court of Appeals' thorough discussion of this issue. (ECF No. 15 at PageID.676–77.) Starnes misconstrues the analysis and has not shown it to be in error. Starnes also makes overly broad arguments regarding the sufficiency of the evidence but does not meet the difficult standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). Both the R & R and the Michigan Court of Appeals adequately addressed these issues and the Court does not find error.

Starnes also appears to attack the validity of his prior conviction of aggravated battery in Cook County, Illinois. This conviction qualified him for habitual offender sentencing under Michigan law. Starnes does not deny that he was convicted; Starnes argues that he was tried for murder only, and could not be convicted of battery. The merits of his June 28, 1995, conviction in Illinois are not cognizable under this habeas review.

Starnes broadly objects to a previous order (ECF No. 14) issued by Magistrate Judge Green. The order denied a motion for a hearing and a motion to appoint counsel. This order was independent of the R & R, so the Court construes Starnes' one-sentence "objection" to the order to be an appeal. Nevertheless, the Court finds that the order was not clearly erroneous. 28 U.S.C. § 636(b)(1)(A).

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Starnes has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Starnes' claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Starnes' claims was debatable or wrong. Therefore, the Court will deny Starnes a certificate of appealability.

Therefore,

4

**IT IS HEREBY ORDERED** that the magistrate judge's Report and Recommendation (ECF No. 15) is **AFFIRMED AND ADOPTED** as the Opinion of this Court and Petitioner's objections (ECF No. 19) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

A separate judgment will issue.


Dated: April 27, 2018 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE